IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,150-01






EX PARTE ALAN LESLIE BALDERAMOS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-372-009247-1090421-A IN THE 372ND DISTRICT COURT


FROM TARRANT COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated
assault, and was placed on deferred adjudication community supervision. He was later adjudicated
guilty and sentenced to ten years' imprisonment. The Second Court of Appeals dismissed his appeal
for want of jurisdiction because notice of appeal was untimely filed. Balderamos v. State, No. 02-10-088-CR (Tex. App. - Fort Worth, April 29,2010).

 Applicant contends, inter alia, that he was denied his right to appeal because although he
timely mailed his notice of appeal, it was not received by the Court of Appeals until after the
deadline for filing had passed. Applicant alleges that by the time he received notice of the apparent
defect, he had only ten days to respond as to why his appeal should be allowed to continue. 
Applicant alleges that he was unable to obtain proof that he timely mailed the notice of appeal from
the Tarrant County Jail mail room within the time specified by the Court of Appeals. Although the
record contains an express waiver of the right to appeal, signed by Applicant and his attorney on the
date of his adjudication, the record also contains a certification from the trial court indicating that
Applicant had the right to appeal from the decision to adjudicate. The certification was also signed
by Applicant and his attorney, and was also filed on the same date as the judgment adjudicating guilt. 
The record contains conflicting information regarding what right of appeal Applicant retained after
he entered an open plea of "true" to violating the conditions of community supervision. The Court
of Appeals noted in a footnote to its opinion that Applicant's waiver of appeal would require
dismissal of the appeal even if his notice of appeal had been timely filed. However, the Court of
Appeals did not mention or otherwise address the trial court's certification.

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. 

 The trial court shall order Applicant's trial counsel to file an affidavit stating why an express
waiver of appeal was signed in this case on the same date that the trial court's certification of
Applicant's right to appeal was signed and filed. Counsel shall state what advice was given to
Applicant concerning his right to appeal from the adjudication and sentence. Alternatively, the
habeas court may obtain an affidavit from the judge who presided over Applicant's adjudication,
stating whether the waiver of appeal or the certification of defendant's right to appeal should govern
Applicant's right to appeal in this case. 

 The trial court shall also obtain an affidavit from the Tarrant County Jail mail room, stating
whether there is any record of Applicant's outgoing mail during the period of December 2009 and
January 2010, and if so whether there is evidence to support Applicant's contention that he mailed
notice of appeal on December 7, 2009. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
had the right to appeal from the judgment adjudicating guilt, and if not, why the trial court certified
that he did have the right to appeal. The trial court shall make findings as to whether Applicant
mailed his notice of appeal on December 9, 2009, and if so, why it was not received by the Court of
Appeals until March 4, 2010. The trial court shall make findings as to whether Applicant was denied
his right to a meaningful appeal through no fault of his own, or whether he simply did not timely file
his notice of appeal. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 

Filed: September 26, 2012

Do not publish